**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5134**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATE JACKSON, a/k/a "B",

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:06-cr-00044-IMK)

_____

Submitted:  September 12, 2007      Decided:  October 4, 2007

_____

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ailynn M. Orteza, Morgantown, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nate Jackson appeals his 292-month sentence imposed upon his guilty plea to possession with intent to distribute 4.8 grams of cocaine base within 1000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether Jackson's sentence is reasonable, but alleging no error by the district court and concluding there are no meritorious grounds for appeal. Jackson was informed of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guidelines range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) and determine an appropriate sentence. Davenport, 445 F.3d at 370. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United

States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of presumption of reasonableness to within-guidelines sentence).

In this case, the district court properly calculated the guidelines range as between 292 and 365 months, based on Jackson's offense level of thirty-eight and criminal history category of three. Moreover, the district court treated the guidelines as advisory, and sentenced Jackson only after considering the sentencing guidelines, the § 3553(a) factors, and counsel's arguments. Jackson's 292-month sentence is presumptively reasonable, as it is within the appropriate guidelines range and below the forty-year statutory maximum. See 21 U.S.C. §§ 841(b)(1)(C), 860. As neither Jackson nor the record suggests any information to rebut the presumption, we find that Jackson's sentence is reasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Jackson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED